1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  EVANS TIRE & SERVICE CENTERS, INC., a California corporation, | CASE NO. 11cv2128 WQH (WVG) |
| 12 | ORDER |
| 13   Plaintiff, vs. | |
| 14  BANK OF AMERICA, a California corporation; DOES 1 through 10, | |
| 15   Defendants. | |

16 HAYES, Judge:

17    The matters before the Court are the Motion to Dismiss filed by Defendant Bank of
18 America (ECF No. 5) and the Motion to Remand filed by Plaintiff Evans Tire & Service
19 Centers, Inc. (ECF No. 6).

20 **I.    Background**

21    On August 5, 2011, Plaintiff Evans Tire & Service Centers, Inc. ("Evans Tire") initiated
22 this action by filing a Complaint in the Superior Court of California for the County of San
23 Diego. (ECF No. 1-1 at 2). On September 14, 2011, Defendant Bank of America ("Bank of
24 America") removed the matter to this Court. (ECF No. 1).

25    On September 21, 2011, Bank of America filed a Motion to Dismiss the Complaint for
26 failure to state a claim. (ECF No. 5). On October 17, 2011, Evans Tire filed an Opposition.
27 (ECF No. 7). On October 24, 2011, Bank of America filed a Reply. (ECF No. 8).

28    On October 11, 2011, Evans Tire filed a Motion to Remand. (ECF No. 6). On October

1    31, 2011, Bank of America filed an Opposition. (ECF No. 9).

## II.    Motion to Remand

Evans Tire seeks remand on the grounds that: "Although [Bank of America] is claiming diversity jurisdiction, the Court has the authority to remand a case by looking at what is in the best interest of all parties." (ECF No. 6-1 at 3). Evans Tire contends that Bank of America "alleges no facts establishing why removing to federal court provides any type of relief." *Id.* Evans Tire contends that it will "suffer great prejudice" if the case is not remanded to state court. *Id.*

Bank of America removed the matter to this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. Bank of America contends that diversity jurisdiction exists on the grounds that Bank of America is a citizen of North Carolina, Evans Tire is a citizen of California, and the amount in controversy exceeds $300,000.

Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotation omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Diversity jurisdiction under § 1332 requires that each plaintiff be diverse from each defendant–known as the "complete diversity" or "diversity of citizenship" requirement–and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996).

In this case, the Complaint alleges that Evans Tire is a California corporation. The Complaint alleges that Bank of America is a "national banking association ... with its principal

place of business in Dallas, Texas."[1] (ECF No. 1-1 at 3). The Complaint seeks to recover compensatory damages in the amount of $304,392.22, punitive damages, and attorney's fees. The Court finds that Bank of America has shown that diversity jurisdiction exists. Plaintiff's Motion to Remand is DENIED.

### III.  Motion to Dismiss

Evans Tire alleges that it maintained a large commercial bank account with Bank of America conducting transactions in excess of $25,000,000 annually. Evans Tire alleges that, "[d]ue to the type and size of [the] account, [Bank of America] assigned multiple individuals to personally manage the account." (ECF No. 1-1 at 4). Evans Tire alleges that Bank of America was "responsible for tracking the movements of the account daily, offering [Evans Tire] new services, and meeting frequently with [Evans Tire] staff accountant [Angela Nelson] at [Evans Tire] headquarters to analyze deposits, withdrawal fees, and to ensure [Bank of America] was providing competitive banking services." *Id.* Evans Tire alleges that "[Bank of America] represented to [Evans Tire] that the account management team would protect [Evans Tire's] account, as the account management team was responsible for tracking account movements on a daily basis." *Id.* at 5. Evans Tire alleges that "[Bank of America] represented ... [that it would] provide the maximum level of service to the account [to] alleviate [Evans Tire] from the burden of handling the day-to-day account management." *Id.* at 5-6. Evans Tire alleges that it paid an additional fee to Bank of America for "its private account management team, and paid a monthly fee for a monthly account analysis prepared by its private account management team." *Id.* at 4.

Evans Tire alleges that "[Bank of America] was the drawee of [the Evans Tire checking account] and was required to pay out money when a check or draft was legally presented." *Id.* at 6. Evans Tire alleges that "[f]rom May 1, 2006 to April 2011, [Evans Tire] employed Angela Nelson ... as its staff accountant." *Id.* Evans Tire alleges that "[d]uring her employment with [Evans Tire], Nelson embezzled $304, 392.22." *Id.* Evans Tire alleges that

---

[1] Plaintiff alleges in the Complaint that Bank of America is a citizen of Texas. Bank of America contends that it is a citizen of North Carolina. Neither party contends that Bank of America is a citizen of California.

Nelson was not an authorized signatory on the account, but that Nelson would create a check to benefit herself or her family and forge the signature of the authorized signatory on the account. Evans Tire alleges that Bank of America never notified Evans Tire of the embezzlement. Evans Tire alleges that it first discovered Nelson's activity when it hired a new staff accountant in May 2011. Evans Tire alleges that "[t]hrough this scheme, in 2006, 2007, 2008, 2009, 2010, and 2011, [Bank of America] permitted Nelson to embezzle $304,392.22 ...." *Id.* at 7.

Evans Tire asserts the following claims against Bank of America: (1) fraud; (2) breach of fiduciary duty; (3) breach of contract; (4) unfair business practices; (5) negligence; and (6) violation of California Commercial code.

**A.  Discussion**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*,

572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### 1.   Fraud

Bank of America contends that Evans Tire has failed to allege the claim of fraud with the requisite level of particularity. Bank of America contends that Evans Tire "completely fails to allege who made [the allegedly fraudulent] representations, when they were made, the manner they were made, and to whom they were made." (ECF No. 5 at 12).

To state a claim for fraud, the plaintiff must allege "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 72-73 (1990). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. *See Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35 (C.D. Cal. 2001).

In the Complaint, Plaintiff alleges that Bank of America knowingly made false representations that Bank of America would "create a special relationship with [Evans Tire] to ensure [Evans Tire]'s account was privately monitored and protected"; that Bank of America "would provide special services and owe special responsibilities to [Evans Tire] to ensure [Evans Tire]'s account was protected"; that Bank of America "would assign a private account management team ... [who] would personally oversee [Evans Tire]'s account activity on a daily basis to ensure [Evans Tire]'s account was protected"; that Evans Tire's account would be protected because the "private account management team ... would be personally acquainted with [Evans Tire]'s owner, accountant, and account details..."; and that Bank of America "would alleviate [Evans Tire] from the burden of handling the day-to-day account management." (ECF No. 1-1 at 8). Plaintiff alleges that "the foregoing representations were false" and were made with the intent to "get Evans [Tire's] business without providing the promised services." *Id*. at 9.

In the Complaint, Plaintiff alleges that the "true facts" include that the "Evans [Tire] account was not protected"; "[t]he account management team failed to monitor [Evans Tire]'s account daily"; "[t]he account management team failed to communicate over $304,392.22 in fraudulent transfers to [Evans Tire]"; [t]he account management team never warned [Evans Tire] of any suspicious activity on the account"; "the personal account management team ... failed to protect [Evans Tire]'s account from fraud and theft"; and "even though [Evans Tire]'s personal account management team was familiar with Nelson, [Evans Tire]'s owner, and was responsible for knowing the details of the account (including who was an approved signatory" Bank of America allowed Nelson to forge Evans Tire's owner's signature and embezzle $304,392. *Id*. Plaintiff alleges that Evans Tire reasonably relied on Bank of America's representations by "entrusting [Bank of America with] its $25,000,000 annual account activity." *Id*. Plaintiff alleges that Evans Tire was damaged in the amount of $304,392.22.

Plaintiff alleges generally that "Bank of America" made several false representations. The Complaint fails to identify the time and place of the misrepresentations or the identities of the parties to the misrepresentations. In addition, Plaintiff alleges that certain representations are false (e.g., Bank of America would assign a private account management team to the account and the private account management team would be personally acquainted with Evans Tire's owner, accountant, and account details), but also alleges that the representations are true (e.g., a private account management team was assigned to the account and the private account management team failed even though it was familiar with the accountant, owner, and account details). The Court concludes that Plaintiff fails to allege the claim of fraud with the requisite particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. The Motion to Dismiss claim one for fraud is GRANTED.

### 2. **Breach of Fiduciary Duty**

Bank of America contends that it owes no fiduciary duty to Evans Tire because the parties were engaged in a debtor-creditor relationship. Bank of America contends that although the Complaint states a legal conclusion that there was a "special relationship" between the parties, "[Evans Tire] has not asserted any facts to establish an extraordinary

relationship ...." (ECF No. 5 at 13).

Evans Tire contends that the Complaint identifies "various services ... that [Bank of America] does not offer to the rest of [its] banking clients" and that "[Bank of America] itself coined the term 'special relationship' to describe the basis of the services it was offering to [Evans Tire]." (ECF No. 7 at 7).

"[T]he relationship between a bank and its depositor is that of debtor-creditor, and is not a fiduciary one...." *Lawrence v. Bank of America,* 163 Cal. App. 3d 431, 437 (1985) (explaining that the depositor failed to allege any facts which would support a finding that a fiduciary relationship existed between the bank and its depositor); *see also Das v. Bank of America, N.A.,* 186 Cal. App. 4th 727, 741 (2010). "A debtor is one who, by reason of an existing obligation, is or may become liable to pay money to another, whether such liability is certain or contingent. A creditor is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money." *Downey v. Humphreys,* 102 Cal. App. 2d 323, 332 (1951). "'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.'" *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (quoting *Downey,* 102 Cal. App. 2d at 332).

In the Complaint, Plaintiff alleges that "[Bank of America] and [Evans Tire] maintained a special relationship by which [Bank of America] assigned an experienced team of account managers to personally oversee [Evans Tire's] account." (ECF No. 1-1 at 10). Plaintiff alleges that "by assigning this account management team, [Bank of America learned detailed information about Evans [Tire] and its banking needs, became acquainted with Evans [Tire's] managers and owners, and advised the manner in which Evans [Tire] should conduct its business banking." *Id.*

The Complaint does not identify a source of fiduciary duty for Bank of America. The conclusory assertion that Bank of America and Evans Tire was engaged in a "special relationship" fails allege sufficient facts to support a claim for breach of fiduciary duties. *See Moss*, 572 F.3d at 969. The Motion to Dismiss claim two for breach of fiduciary duty is GRANTED.

### 3. **Breach of Contract**

Bank of America contends that the Complaint claim fails to identify the contract which was breached. Evans Tire contends that the Complaint "lists in sufficient detail the legal terms of the 'special relationship' between the parties ...." (ECF No. 7 at 8).

In order to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (Cal. Ct. Appeal 2001); 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570. "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language." *Constr. Protective Servs., Inc., v. TIG Specialty Ins. Co.,* 29 Cal. 4th 189, 198-99 (2002).

In the Complaint, Plaintiff alleges that Bank of America and Evans Tire "entered into a contractual relationship ... [and that a] principal term of the agreement was that [Bank of America] agreed to abide by appropriate bank procedures and standards to ensure that monies deposited into Evans [Tire's] account were not improperly paid to another account or a false payee." (ECF No. 1-1 at 10-11). Plaintiff alleges that "[Bank of America] further agreed to provide the full range of banking services to Evans [Tire], including providing an account management team of highly skilled banking professionals who were personally responsible for ... monitoring the daily movements of the account, and meeting frequently with Evans [Tire's] to analyze deposits, withdrawals, and fees." *Id*. Plaintiff alleges that "[Bank of America] promised in writing to pay monies from [Evans Tire's] account only on the proper order of Evans ...." *Id*.

Plaintiff has made the conclusory allegation that the parties entered into a contract and that Bank of America made promises to Evans Tire regarding services that Bank of America would perform. The Complaint fails to identify any contract and fails to allege facts to show the legal effect of the contract. The Court finds that Plaintiff fails allege sufficient facts to support a claim for breach of contract. The Motion to Dismiss claim three for breach of contract is GRANTED.

### 4. Unfair Business Practices

Bank of America contends that a plaintiff may recover restitution pursuant to California's Unfair Competition Law ("UCL"). Bank of America contends that the Complaint does not allege that Bank of America obtained money from Evans Tire. Bank of America contends that it cannot be compelled to return any money to Evans Tire through restitution because Bank of America did not receive any money from Evans Tire.

Evans Tire contends that it suffered "losses" in the amount of $304,392.22. (ECF No. 7 at 8).

In the Complaint, Plaintiff alleges that Bank of America "must now ... be compelled to make restitution to Plaintiff Evans [Tire], and to restore to them all sums of money wrongfully taken from Plaintiff Evans [Tire]...." (ECF No. 1-1 at 11-12).

"While the scope of conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (Cal. 2003). "Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices." *Id.* (citation omitted). Restitution includes an order "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken...." *Id.* (citation omitted).

Evans Tire seeks restitution from Bank of America but does not allege that Bank of America wrongfully received any money from Evans Tire. The Court finds that the Complaint fails allege sufficient facts to support a claim for restitution pursuant to California's Unfair Competition Law. The Motion to Dismiss claim four for violation of California's Unfair Competition Law is GRANTED.

### 5. Negligence

Bank of America contends that Plaintiff's common-law theory of negligence is preempted by California's Uniform Commercial Code ("UCC") on the grounds that the UCC articulates a fact pattern applicable to Plaintiff's allegations. "The UCC directly addresses a payor and depositary bank's liability for payment of a forged check." (ECF No. 5-1 at 16).

Evans Tire contends that "[t]his case is not about 'forged checks' it is about Evans

[Tire's] losses as a consequence of [Bank of America's] negligence and failure to monitor and track Evans [Tire's] multi-million dollar account as it represented it would ...." (ECF No. 7 at 5).

The UCC displaces common law claims based on "any situation covered by particular provisions of the [UCC]." *Zengen, Inc. v. Comerica Bank,* 41 Cal. 4th 239, 254 (2007) (quotation omitted) ("Conversely, situations not covered [by the UCC] are not the exclusive province of [the UCC]."); *see also Gil v. Bank of America, Nat. Ass'n*, 138 Cal. App. 4th 1371, 1378 (2006) (explaining that the drafters of the UCC intended to codify common law claims such as negligence in the UCC). The UCC "comprehensively covers the field of legal theories available when a check is paid over an unauthorized endorsement." *Gil*, 138 Cal. App. 4th at 1378; *see also Lundgren v. Bank of America, N.A.,* Case No. C 11–00758 CW, 2011 WL 4592801 at *6 (N.D. Cal. Oct. 4, 2011) ("The California Uniform Commercial Code does preempt claims for negligence against Bank of America as a payor bank for paying forged checks."); *Joffe v. United California Bank*, 141 Cal. App. 3d 541, 557–558 (1983) (holding that a customer does not have a negligence claim against a depositary bank because claims regarding unauthorized signatures on checks are encompassed in the UCC).

In the Complaint, Plaintiff alleges that Bank of America had a "heightened standard of care to ensure funds that should have remained in the account in fact remained in the account, and not in the accounts of Nelson and her family members." (ECF No. 1-1 at 12). Plaintiff alleges that Bank of America maintained the approved signatory cards and "had a heightened duty to verify the signatures on the presented forged checks." *Id.* Plaintiff alleges that Bank of America should have "declin[ed] payment on presented checks if the drawer/maker's signature on the face of the checks did not match the signature cards on file." *Id.* Plaintiff alleges that from May 1, 2006 to April 1, 2011, Bank of America "paid ... forged checks from Evans [Tire's] Bank of America account ...." *Id*.

In this case, Plaintiff's claim of negligence is based on Bank of America's payments of forged checks, which is covered by particular provisions of the UCC. The Court finds that Evans Tire's common-law negligence claim is preempted by the UCC. The Motion to Dismiss

claim five for negligence is GRANTED.

### 6. Violation of California Commercial Code

Bank of America contends that Evans Tire's claim for violation of California Commercial Code "does not cite a single provision of the California Commercial Code" and that "[t]his is insufficient to give [Bank of America] notice of the claim being asserted against it ...." (ECF No. 5 at 18).

Evans Tire contends that it has "sufficently plead[ed] facts essential to demonstrate that over a course of time, [Bank of America] permitted hundreds of checks with false payee[s] to be drawn from Plaintiff's [account] which resulted in significant loss to Evans [Tire]." (ECF No. 7 at 8-9).

In the Complaint, Plaintiff alleges: "Under California Commercial Code, Defendant [Bank of America] was required to exercise ordinary care to ensure that checks that should have remained in Evans [Tire's] Bank of America Account were not improperly cashed or deposited into Nelson's or her family members' accounts." (ECF No. 1-1 at 14). Plaintiff alleges that "[Bank of America] was also required to exercise ordinary care to ensure that the checks presented for deposit did not reflect a false payee and had a proper signature authorizing the payment." *Id.*

Although the alleged facts could be construed to state a claim for violation of the UCC, the Complaint has failed to identify any provision or provisions of the code that Plaintiff alleges was violated by Bank of America. The Court finds that the Complaint fails to identify a sufficient legal basis to support a claim for violation of California Commercial Code. The Motion to Dismiss claim six for violation of California Commercial Code is GRANTED.

### IV. Conclusion

IT IS HEREBY ORDERED that the Motion to Remand filed by Plaintiff Evans Tire & Service Centers, Inc. (ECF No. 6) is DENIED. The Motion to Dismiss filed by Defendant Bank of America (ECF No. 5) is GRANTED. The Complaint (ECF No. 1-1) is DISMISSED. Plaintiff Evans Tire & Service Centers, Inc. may file a motion for leave to file a first amended complaint, accompanied by a proposed first amended complaint, within thirty days from the

1  date of this order. If no motion is filed, the case will be dismissed without prejudice.
2  DATED: March 14, 2012

                                    **WILLIAM Q. HAYES**
                                    United States District Judge